UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>VOLODIMYR PIGIDA,<br><br>Defendants. | CASE NO. CR18-294RSM<br><br>ORDER RE: DISPUTED MOTIONS IN LIMINE |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Volodimyr Pigida's Motion to Compel Disclosure of what co-conspirator statements the Government intends to use at trial, Dkt #147, Motion in Limine to exclude evidence or testimony related to the Intuit database, Dkt #148, and the Government's Motions in Limine to admit inextricably intertwined evidence or evidence pursuant to FRE 404(b) and exclude evidence relating to Trend Sound Promoters' bankruptcy settlement, Dkt. #152. These Motions are DEFERRED, DENIED, GRANTED and DENIED (with a limiting instruction to be provided by the parties) as stated below.

## II.    DEFENDANT PIGIDA'S MOTIONS

1. *Co-conspirator statements the Government intends to use at trial.*

ORDER RE: DISPUTED MOTIONS IN LIMINE – 1

Mr. Pigida moves for an order requiring the Government to disclose those statements made by Trend Sound Promoters ("TSP") employees that it intends to introduce and argue to be outside the ambit of hearsay rules as co-conspirator statements or through any other exception to the hearsay rules. Dkt. #147 at 1. In response, the Government argues that the scope of Mr. Pigida's request is unclear and that Mr. Pigida does not cite any authority to support his request or any persuasive reason to depart from the Court's regular practice of dealing with routine evidentiary questions as they arise during trial. Dkt. #161 at 1–2. The Court agrees and will rule on this issue on a witness-by-witness basis. DEFERRED.

### 2. *Evidence or testimony related to the Intuit database.*

Mr. Pigida moves to exclude evidence or testimony related to the Intuit database because "the defense has not been afforded an adequate opportunity to access the database and review the relevant materials" pursuant to Federal Rule of Criminal Procedure 16." Dkt. #148 at 1. Mr. Pigida states that "although the government has recently attempted to afford the defense access to that database, the defense remains unable to access most of the data." *Id.* FRCP 16(a)(1)(E) requires the Government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is in the United States' possession and the item is material to preparing the defense or the United States intends to use the item in its case-in-chief at trial." Mr. Pigida argues that whether or not the Government acted in good faith is immaterial so long as the defense has not been afforded a meaningful opportunity to access and review the documents and database in question. *Id.* at 3 (citing *United States v. Warshak*, 631 F.3d 266, 297–98 (6th Cir. 2010) (failing to find a violation of the rules when "access to the documents may have been somewhat hampered due to the format in which they were transferred," but "the

ORDER RE: DISPUTED MOTIONS IN LIMINE – 2

defendants' motion practice 'demonstrate[d] they [were] capably navigating the discovery . . .'"). Mr. Pigida claims that the defense has not been capable of navigating the discovery because "it has no ability to access the database in question." *Id.* The Government does not dispute that the defense lacks access to the specific database, also known as the TSP QuickBooks Online account. Dkt. # 160 at 2–3. However, the Government argues that it has complied with FRCP 16 with respect to the information in the TSP QuickBooks Online account by (1) obtaining and producing the information contained in the TSP's QuickBooks Online account to Mr. Pigida in April 2022; and (2) producing other relevant reports from TSP's QuickBooks Online account that the FBI Forensic Accountant downloaded from TSP's QuickBooks Online account and used when analyzing the underlying financial transactions at issue in this case. Dkt. #160 at 1–2. The Government also states that Intuit "was unable to produce a copy of the database as a single standalone file since it was previously viewable only through QuickBooks Online, but Intuit verified that the account reports it turned over contain the same principal user generated data from the general ledger, journal, and audit logs to which Ms. Dayton had access." *Id.* at 4 (citing Dkt. #160-1 at ¶ 9). The Government argues that, as a result, since April 5, 2022, the defense has had a meaningful opportunity to access and review the documents and database in question by way of having access to the documents and underlying data from the TSP QuickBooks Online account that the Government intends to use in trial. The Court finds that the Government has complied with FRCP 16 with respect to the information in the TSP QuickBooks Online account. DENIED.

### III.    THE GOVERNMENT'S MOTIONS

1. ***Failed iPhone business deal with Petr Kiforishin.***

ORDER RE: DISPUTED MOTIONS IN LIMINE – 3

The Government moves to introduce evidence of a previous financial transaction between alleged victim Petr Kiforishin and Mr. Pigida concerning a sale of discounted iPhones as "inextricable evidence" or, alternatively, as admissible under FRE 404(b) to show motive, intent, preparation, plan, knowledge or absence of mistake.[1]  In its motion, the Government indicated it "does not intend to introduce all specifics of the iPhone deal" and "intends to offer only that Mr. Kiforishin gave $50,000 to Defendant Pigida to purchase products at a discount, that Mr. Kiforishin lost all this money, and that Defendant Pigida 'purchased' Mr. Kiforishin $2,000 worth of TSP Ad-Promoting Packages to pay him back." Dkt. #152 at 6.

FRE 404(b) provides that evidence of "other crimes, wrongs, or acts" is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan, or knowledge.  However, FRE 404(b) applies only to evidence offered under its provisions. "Other acts" evidence that is inextricably intertwined with a charged crime does not need to meet the requirements of FRE 404(b). *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).  Under the inextricably intertwined doctrine, "evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'" *Id.* at 1177 (quoting *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012)).

There are generally two categories of cases in which "other act" evidence is inextricably intertwined with the crime charged. *Id.* (citing *United States v. Vizcarra-Martinez*, 66 F.3d 1006,

---

[1] In its motion, the Government initially sought to introduce evidence of a different transaction with Olena Svyryda and Anna Adams.  Dkt. #152 at 3–5.  At the pre-trial conference on October 19, 2022, the Government indicated that it no longer intends to call Ms. Svyryda and Ms. Adams and withdrew that portion of its motion.  Accordingly, the Court will not consider that motion.  Mr. Pigida has, however, noted his objection to introduction of any testimony regarding that transaction should the Government reverse course and seek to introduce it. Dkt. #162 at 2, n.1.

ORDER RE: DISPUTED MOTIONS IN LIMINE – 4

1012 (9th Cir. 1995)). First, where the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* at 1177-78 (citing *Vizcarra-Martinez*, 66 F.3d at 1012). Second, where it is necessary to admit the evidence "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime," such as to "explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Id.* at 1178 (citing *Vizcarra-Martinez*, 66 F.3d at 1012-13).

Here, Mr. Pigida's failed iPhone business deal with Mr. Kiforishin fits both categories: (1) targeting Mr. Kiforishin, the victim of a prior failed business scheme, was part of Mr. Pigida's overall TSP scheme; and (2) such evidence is necessary for the Government to show how Mr. Pigida persuaded Mr. Kiforsishin, against his better judgment, to become involved with TSP. The Court does not find the probative value of the evidence substantially outweighed by unfair prejudice or any other FRE 403 consideration. GRANTED.

2. ***Settlement of adversary proceedings in bankruptcy.***

The Government moves to exclude any references at trial to the settlement of the adversary proceedings in TSP's bankruptcy case as irrelevant and because it will confuse the issues, mislead the jury, waste time, and because it risks unfair prejudice. Dkt. #152 at 10 (citing FRE 401–403). In a footnote, the Government also notes that admission of this evidence is barred by FRE 408 without further argument. *Id*. at 10, n.3. The Government clarified that it does not seek exclusion of "the bare fact that the adversary proceedings settled, nor the fact that the bankruptcy case eventually ended" but that the "details of the settlement and the bankruptcy resolution should be kept out." *Id.* at 11, n.4. The Government argues that the jurors may "mistakenly conclude that, because Defendant Pigida settled the matter and agreed to pay the trustee more than $1 million dollars, he effectively admitted criminal wrongdoing" or jurors may

ORDER RE: DISPUTED MOTIONS IN LIMINE – 5

conclude from the decision of the Trustee (an arm of the Department of Justice) to allow Mr. Pigida to "keep his Seattle condominium as a government concession that he was in the right." *Id.* at 11. The Government cites several cases in which similar evidence was excluded. *See id.* at 11 (citing *United States v. Thompson*, No. CR 19-159-RSL, 2022 WL 2056234, at *4 (W.D. Wash. June 7, 2022) (excluding evidence that victim bank settled civil suit with customers affected by defendant's hacking); *United States v. Blumeyer*, 114 F.3d 758, 770 (8th Cir. 1997) (affirming exclusion of evidence about judicial findings in civil receivership proceeding because they "were irrelevant to the case at bar and were likely to confuse the jury"); *United States v. Kail*, No. 18-CR-00172-BLF, 2021 WL 261135, at *7 (N.D. Cal. Jan. 26, 2021) (excluding evidence of state court civil settlement); *United States v. Park*, No. CR 08-00220 MMM, 2008 WL 2338298, at *7 (C.D. Cal. May 27, 2008) (where defendant was charged with bank fraud, excluding under Rule 403 evidence that victim bank settled earlier adversary proceeding against defendant stemming from same conduct)).

In response, Mr. Pigida argues that the Government will likely call Government witness Ian Borbolla to "testify about a statement that Mr. Pigida allegedly adopted in October of 2017. Specifically, in preparation of amending Mr. Pigida's 2014 taxes (which would be the year when the two properties at issue were purchased), Mr. Borbolla prepared a letter stating that the money that was originally deemed as revenue for licensing fees would now be treated as a personal loan." Dkt. #162 at 8. Mr. Pigida intends to present rebuttal evidence that "the 2014 returns were never filed, in part because Mr. Pigida disagreed with this representation that there was a personal loan from TSP to Mr. Pigida." *Id.* Mr. Pigida argues that "[i]n order for the jury to understand this string of events, the jury will need to have proper context as to why Mr. Pigida sought the advice and services of Mr. Borbolla in 2016 and 2017 (two to three years after TSP

ORDER RE: DISPUTED MOTIONS IN LIMINE – 6

filed for bankruptcy)." *Id.*  Specifically, Mr. Pigida argues, that the jury needs to understand that after entering into the settlement agreement at issue, Mr. Pigida's income changed because he agreed to forfeit approximately $1 million from the sale of real estate that was at issue during the adversary proceedings and as a result was concerned this significant change in financial circumstances would have an impact on his income tax liability leading him to seek Mr. Borbolla's services. *Id.* at 8–9.  According to Mr. Pigida, "[t]o allow the government to introduce Mr. Borbolla's testimony without allowing the defense to explain why Mr. Pigida sought Mr. Borbolla's advice, and why the proposed amended return was drafted, would hamstring the defense and encourage the jury to make additional improper inferences regarding why Mr. Pigida would even contemplate taking such an action." *Id.* at 9.

The Court has considered the parties' arguments and finds that details of the settlement agreement are relevant insofar as the Government introduces the testimony of Ian Borbolla and will be admitted with a limiting instruction.  The parties shall present such a limiting instruction along with requested jury instructions.  The motion in limine is accordingly DENIED.

## IV.   CONCLUSION

Having reviewed the briefing for these Motions, along with the remainder of the record, the Court hereby finds and ORDERS that the Motions in Limine (Dkts. #147, 148, and 152) above are DEFERRED, DENIED, GRANTED and DENIED (with a limiting instruction to be provided by the parties) as stated above.

DATED this 28th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: DISPUTED MOTIONS IN LIMINE – 7