UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>VOLODIMYR PIGIDA,<br><br>Defendant. | CASE NO. CR18-294RSM<br><br>ORDER RE: DISPUTED MOTIONS IN LIMINE |

## I.     INTRODUCTION

This matter comes before the Court on the Government's SEALED Motion to Exclude Information (Dkt. #183), Motion to Exclude Evidence Regarding Advice of Counsel After June 2, 2014 (Dkt. #187), and Defendant Volodimyr Pigida's Motion to Exclude Evidence of Overall Loss (Dkt. #188).  These Motions are DEFERRED, GRANTED IN PART, and DENIED.

## II.     THE GOVERNMENT'S MOTIONS

1. ***Sealed motion to exclude information.***  Defendant has agreed he will not seek to introduce this matter without leave of the Court.  Dkt. #189.  DEFERRED.

2. ***Evidence regarding advice of counsel after June 2, 2014.***  The Government moves to exclude evidence regarding any legal advice that Mr. Pigida received after June 2, 2014, arguing there has been neither waiver of the attorney-client privilege nor notice of an

ORDER RE: DISPUTED MOTIONS IN LIMINE – 1

advice of counsel defense. Dkt. #187 at 1. The Government's motion relates to three sets of attorneys who represented Trend Sound Promoters ("TSP") and/or Mr. Pigida during the period of the alleged conspiracy: (1) Annette Mouton; (2) Larry Feinstein; and (3) The MDK law firm. The Government cites to a letter sent on the Court's deadline for providing notice of an advice of counsel defense, in which the Government claims Mr. Pigida disclaimed such a defense for the period after June 2, 2014. Dkt. #187-2. The Court will not restrict defense counsel from advancing the advice of counsel defense at this time, but makes the following rulings as to communications between the three sets of attorneys and the Defendant:

a. <u>Annette Mouton</u>: The defense agreed it "will not elicit testimony from Ms. Mouton about any client communications she may have had after June 2, 2014, with Mr. Pigida or Marina Bondarenko, related to an advice of counsel reliance defense" or any "privileged communications that may have occurred after June 2, 2014." Dkt. #190 at 2. Defense counsel is instructed to seek leave of court before introducing any communications between Ms. Mouton and the Defendant or Ms. Bondarenko after June 2, 2014. As to the three documents at issue, defense counsel agrees that it will not move to introduce the June 16 email (Defense Exhibit A-8) and the Court finds that the June 5, 2014, letter from Ms. Mouton to the Trustee (Defense Exhibit A-61) and the June 18, 2014 communication between Ms. Mouton and the Trustee (Defense Exhibit A-5) non-privileged and shall not be excluded at this time. This order does not bar the Government from making other objections to Defense Exhibit A-61 and Defense Exhibit A-5 if appropriate. GRANTED IN PART.

ORDER RE: DISPUTED MOTIONS IN LIMINE – 2

  b. <u>Larry Feinstein</u>: Defense counsel agrees it "will not elicit testimony from Mr. Feinstein about any communications that occurred after June 2, 2014." Dkt. #190 at 4.  GRANTED.

  c. <u>MDK law firm</u>:  Defense counsel agrees it "will not elicit testimony about any attorney-client communications between Mr. Pigida and MDK" or "offer any exhibits involving MDK that would otherwise be considered privileged records." Dkt. #190 at 6.  The Court will permit testimony, subject to its other rulings, that MDK represented Mr. Pigida and Ms. Bonderakno once TSP entered Chapter 7 bankruptcy on June 2, 2014.  Defense counsel is instructed to seek leave of court before introducing any communications between MDK law firm representatives and the Defendant.  GRANTED IN PART.

### III. DEFENDANT PIGIDA'S MOTIONS

1. ***Evidence of overall loss.***  Mr. Pigida moves to preclude the Government from referencing, at any time during trial, the loss amount purportedly caused by the charges against Defendant.  Dkt. #188.  The Court finds that testimony or evidence relating to the overall loss caused by the charges against Defendant is relevant background to support the current charges.  DENIED.

### IV. CONCLUSION

Having reviewed the briefing for these Motions, along with the remainder of the record, the Court hereby finds and ORDERS that the Motions in Limine (Dkts. #183, 187, 188) above are DEFERRED, GRANTED IN PART, and DENIED.

//

//

ORDER RE: DISPUTED MOTIONS IN LIMINE – 3

DATED this 14th day of November, 2022.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: DISPUTED MOTIONS IN LIMINE – 4