1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

Plaintiff,

v.

VOLODIMYR PIGIDA,

Defendant.

Case No. CR18-294-RSM

ORDER OF FORFEITURE

10
11
12
13
14
15

16    This matter comes before the Court on the United States' Motion for an

17  Order of Forfeiture forfeiting, to the United States, Defendant Volodimyr Pigida's

18  interest in a sum of money (also known as a forfeiture money judgment) in the amount of

19  $3,374,750.00, reflecting the proceeds Defendant Pigida obtained from his commission

20  of the offenses of Conspiracy to Commit Wire Fraud, Mail Fraud, and Bankruptcy Fraud

21  (as charged in Count 1 of the Indictment); Wire Fraud, in violation of 18 U.S.C. § 1343

22  (as charged in Counts 2–11 and Counts 13–17 ); and Mail Fraud, in violation of 18 U.S.C. § 134

23  (as charged in Counts 18–21).  Dkt. #231.

24

25    The Court, having reviewed the United States' Motion, as well as the other papers and

26  pleadings filed in this matter, and the evidence presented at trial, hereby FINDS entry of an Order

27  of Forfeiture is appropriate because:

28

ORDER - 1

- Defendant Pigida has been convicted of Conspiracy to Commit Wire Fraud, Mail Fraud, and Bankruptcy Fraud (Count 1); Wire Fraud, in violation of 18 U.S.C. § 1343 (Counts 2–11 and Counts 13–17); and Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 18–21);

- Property that constitutes or is traceable to proceeds of these offenses is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A);

- The evidence presented at trial established that Defendant Pigida obtained proceeds of at least $3,374,750.00 from his commission of the offenses for which he was convicted;

- The forfeiture of this sum of money is personal to Defendant Pigida, and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it;

- "In the absence of a statute authorizing a reduction in forfeiture, the district court may not reduce forfeiture because of an order of restitution to a victim or because the victim already has been made whole." *United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011). The Court is not aware of any applicable statute in this case. As such, Defendant Pigida's return of any property to creditors or the Bankruptcy Trustee through the bankruptcy proceeding, or settlement thereof, shall not reduce the forfeiture amount. *See United States v. Thompson*, 990 F.3d 680, 691 (9th Cir. 2021), cert. denied, 211 L. Ed. 2d 384, 142 S. Ct. 616 (2021) (the Court's determination of the amount of money judgment under 18 U.S.C. § 981(a)(1)(c)—the forfeiture statute applicable to Defendant's convictions of wire fraud, mail fraud, and conspiracy to commit wire fraud and mail fraud—is based on "how much of the proceeds of the crime came to rest with" Defendant.).

ORDER - 2

NOW, THEREFORE, THE COURT ORDERS:

1.      Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A), Defendant Pigida's interest in the sum of money in the amount of $3,374,750.00 is subject to forfeiture, in its entirety, to the United States;

2.      The forfeiture of this sum of money is separate and distinct from any restitution that is ordered in this case;

3.      Pursuant to Fed. R. Crim P. 32.2(d), this Order of Forfeiture is stayed pending Defendant Pigida's appeal of his conviction and will be vacated should Defendant receive a new trial;

4.      Pursuant to Fed. R. Crim P. 32.2 (e) and 21 U.S.C. § 853(p), pending Defendant's appeal, the United States may seek leave of the Court to amend the Order of Forfeiture to include any subsequently identified substitute property and may seek restraint of any such identified substitute property;

5.      Subject to any amendments entered by the Court, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Order will become final as to Defendant Pigida at the time he is sentenced; it will be made part of the sentence and it will be included in the judgment;

6.      No right, title, or interest in the identified sum of money exists in any party other than the United States.

        DATED this 16th day of December, 2022.


        RICARDO S. MARTINEZ
        CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3