UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

VOLODIMYR PIGIDA,

Defendant.

Case No. CR18-294-RSM

ORDER DENYING MOTION FOR A
NEW TRIAL

## I.   INTRODUCTION

This matter is before the Court on Defendant Volodimyr Pigida's Motion for a New Trial. Dkt. #263.   Upon full consideration of the record, and for the reasons discussed herein, Mr. Pigida's Motion is DENIED.

## II.   BACKGROUND

On November 29, 2018, a grand jury indicted Defendant Volodimyr Pigida, with 28 counts, including conspiracy to commit mail fraud, wire fraud, and bankruptcy fraud (Count 1), wire fraud (Counts 2 through 17), mail fraud (Counts 18 through 21), bankruptcy fraud (Count 22), pre-petition concealment of property in a bankruptcy case (Count 23), false declaration in a bankruptcy case (Count 24), false oath and account in a bankruptcy case (Counts 25 and 26), and

ORDER - 1

falsification of records in a bankruptcy case (Count 27).  The government later dismissed Count 12.  On December 21, 2018, Mr. Pigida plead not guilty to all charges.  Dkt. #21.

On November 14, 2022, Mr. Pigida's 11-day trial began.  On December 1, 2022, the trial concluded and the jury returned its verdict that same day finding Mr. Pigida guilty on all 27 counts.  Dkt. #227.

Mr. Pigida now brings a Motion for New Trial.  Dkt. #263.

### III.    DISCUSSION

Rule 33 of the Federal Rules of Criminal Procedure allows a defendant to move for a new trial after a verdict is rendered and allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  "A motion for a new trial is addressed to the sound discretion of the trial court." *Evalt v. United States*, 382 F.2d 424, 428 (9th Cir. 1967).  In exercising its discretion, the trial court is permitted to weigh the evidence and evaluate the credibility of witnesses.  *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citing *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992)).

Mr. Pigida bases his Motion for a New Trial on four grounds.  Dkt. #263.  The Court addresses each of these bases in turn.

#### A.  Jury Instructions

First, Mr. Pigida argues that the court erred in failing to give an unanimity instruction with respect to the conspiracy count because he alleges the evidence suggests there was more than one conspiracy.  Mr. Pigida was charged in Count 1 of the indictment with conspiring to commit mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. §1343; and bankruptcy fraud, in violation of 18 U.S.C. § 157.  Dkt. #1 at 1.

ORDER - 2

The requirement that a jury's verdict be unanimous means more than a unanimous agreement that the defendant has violated the statute in question; "there is a requirement of substantial agreement as to the principal factual elements underlying a specified offense." *United States v. Ferris,* 719 F.2d 1405, 1407 (9th Cir.1983).  "In the ordinary case, a general instruction that the verdict must be unanimous is sufficient to protect the defendant's rights. *United States v. Markov*, 13 F. App'x 736, 738 (9th Cir. 2001) (citing *United States v. Anguiano,* 873 F.2d 1314, 1319 (9th Cir.1989)).  When there is a "genuine possibility of juror confusion," however, a specific unanimity instruction is required.  *United States v. Echeverry,* 719 F.2d 974, 975 (9th Cir.1983).  The Ninth Circuit has described three situations in which a specific unanimity instruction should be given: (1) where the jury itself indicates its confusion; (2) where the indictment is sufficiently broad and ambiguous as to present a danger of jury confusion; and (3) where the evidence is sufficiently factually complicated as to indicate the possibility of jury confusion.  *United States v. Davalos*, 4 F. App'x 361, 363 (9th Cir. 2001) (citing *Anguiano,* 873 F.2d at 1319-20).

Mr. Pigida cites *United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988).  In *Gordon*, the Ninth Circuit instructs that to determine whether a count charged one or two conspiracies, courts look at "whether there was one overall agreement among the various parties to perform various functions in order to carry out the objectives of the conspiracy."  *Id.* at 1401 (quotations and citations omitted).  The relevant factors in determining the existence of such an "overall agreement" are the nature of the scheme, the identity of the participants, the quality, frequency and duration of each conspirator's transactions, and the commonality of times and goals.  *Id.* (citing *United States v. Arbelaez,* 719 F.2d 1453, 1457 (9th Cir.1983), *cert. denied sub nom. Ponce de Leon v. United States,* 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984)).

ORDER - 3

Here, the Court finds that in looking at these factors Count I charged a single

conspiracy—a conspiracy between Mr. Pigida and Marina Bondarenko to surreptitiously divert

funds from the business Trend Sound Promoters. *See United States v. Ferris,* 719 F.2d 1405

(9th Cir.1983) (a general unanimity instruction suffices when a case involving multiple acts

within one count of an indictment is sufficiently clear in its presentation so that unanimity can

be presumed); *United States v. Friedman,* 445 F.2d 1076 (9th Cir.1971) (the jury must be

presumed to have followed the unanimity instruction and all agreed to at least one of several

possible conspiracies even though no specific instruction was given to that effect); *Vitello v.*

*United States,* 425 F.2d 416 (9th Cir.1970).  The Court clearly instructed the jury that to find

Mr. Pigida guilty of conspiracy, the government must prove each of the following elements

beyond reasonable doubt:

> First, beginning no later than January 2012, and continuing until in or about December
> 2017, there was an agreement between two or more persons to commit at least one
> crime as charged in the indictment; second, the defendant became a member of the
> conspiracy knowing of at least one of its objects and intending to help accomplish it;
> and, third, one of the members of the conspiracy performed at least one overt act on or
> after November 29, 2013.

Dkt. #248 (Official Transcript of Jury Trial – Day 9 held on 11/29/2022) at 1259:1–9.  The

indictment clearly laid out the overt acts underlying the conspiracy charge.  Dkt. #1 at 25–27.

And the Court clearly instructed the jury that their verdicts must be unanimous.  *See* Dkt. #248

at 1269:25 – 1270:1, 1270:8–9, 1273:1–5, 1273:7–10.  Further, the jury's verdict indicates that

the jury was unanimous in agreeing on *every* specific object of the conspiracy.  In Counts 2–11

and 13–17 the jury found Mr. Pigida guilty of wire fraud, in Counts 18 – 21 the jury found Mr.

Pigida guilty of mail fraud, and in Count 22 the jury found Mr. Pigida guilty of bankruptcy

fraud.  Dkt. #227 at 1–8.  The Court does not agree with Mr. Pigida that the jury could have

unanimously found him guilty of conspiracy, yet not have unanimously agreed on what the

ORDER - 4

conspiracy was, or that the evidence in this case was sufficiently factually complicated as to indicate the possibility of jury confusion.  The Court, therefore, does not find it erred in refusing to give a specific unanimity instruction.

Second, Mr. Pigida argues that the Court erred in failing to give the jury a multiple conspiracies instruction.  A defendant is entitled to a multiple conspiracies instruction only if the defendant's theory of multiple conspiracies is supported by law and has some foundation in the evidence.  *Anguiano*, 873 F.2d at 1317 (citations and quotation marks omitted).  Failure to give a multiple conspiracies instruction "is error only if the instructions as a whole, considered in the context of the entire trial, did not fairly and adequately cover the issues."  *Id.*  "Thus, the overall adequacy of the instructions is reviewed in light of the entire charge in the context of the whole trial, and so long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion."  *Id.* (citations and quotation marks omitted).  Accordingly, "it is not error to reject a multiple conspiracies instruction if the other instructions, when viewed in their entirety, cover that theory."  *Id.*  (citation omitted).

As explained earlier, the Court does not find that Count I charged multiple conspiracies per *Gordon*, 844 F.2d 1397. And, as explained earlier, the jury found Mr. Pigida guilty of each and every object of the conspiracy charge at the end of trial.  As such, the Court finds it did not err in refusing to give a multiple conspiracies instruction.

B. **Ineffective Assistance of Counsel**

Mr. Pigida's third and fourth bases for his Motion allege ineffective assistance of counsel.  He specifically argues that trial counsel was ineffective for the following reasons: trial counsel (1) failed to present evidence concerning the potentially successful nature of the

ORDER - 5

Defendant's business, in that Trend Sound Promoters was developing a relationship with advertisers through the affiliate marketing program and that this relationship was destroyed by hacking and unfavorable publicity; and (2) failed to request theory of defense instructions, arguing there was evidence to support the defense that Mr. Pigida acted on the advice of counsel.  Dkt. #263 at 5–18.

To succeed on a claim of ineffective assistance of counsel, Mr. Pigida must satisfy a two-part test: he must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) that counsel's deficient representation was "prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).  "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 689.  Mr. Pigida has the burden of establishing that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable" to show that his counsels' unprofessional errors actually prejudiced his defense. *Id.*  Given the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction," a court "must be highly deferential" and resist using the benefit of hindsight to judge counsel's decisions. *Id.*  Thus, Mr. Pigida bears the burden to "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States,* 692 F.2d 565, 572 (9th Cir. 1982).

The Court finds that Mr. Pigida has failed to introduce any evidence which would support a claim that counsel assisted in a manner below the objective standard of

ORDER - 6

reasonableness resulting in prejudicial defense.  On the contrary, Mr. Pigida's contentions are purely speculative and based on allegations which are unfounded in demonstrated fact.  This Court is bound by *Strickland* to be highly deferential to the strategies employed by counsel.  Mr. Pigida has not overcome his burden in substantiating ineffective assistance of counsel.

## IV.   CONCLUSION

The Court having considered Mr. Pigida's Motion, and the remainder of the record, hereby finds and ORDERS Mr. Pigida's Motion for a New Trial (Dkt. #263) is DENIED.

DATED this 11th day of July, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 7